# IN THE U.S. DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **KRISTINE EDLER** | : | Case No.: 3:20-cv-455 |
| 4334 Morning Dove Dr. | : | |
| Oregon, OH 43616 | : | Judge: |
| | : | |
| and | : | **COMPLAINT WITH JURY** |
| | : | **DEMAND ENDORSED HEREON** |
| **PAUL EDLER** | : | |
| 4334 Morning Dove Dr. | : | Pamela A. Borgess (0072789) |
| Oregon, OH 43616 | : | BORGESS LAW, LLC |
| | : | 6800 W. Central Ave, Ste. E |
| Plaintiffs, | : | Toledo, OH 43617 |
| | : | PH: (567) 455-5955 |
| v. | : | FAX: (567) 661-1795 |
| | : | Email: pborgess@borgesslaw.com |
| **LOWE'S HOME CENTERS, LLC** | : | *Attorney for Plaintiffs* |
| **f/k/a LOWE'S HOME CENTERS, INC.** | : | |
| c/o Statutory Agent: Corporation Service | : | |
| Company | : | |
| 50 West Broad Street, Ste. 1330 | : | |
| Columbus, OH 43215 | : | |
| | : | |
| and | : | |
| | : | |
| **LOWE'S COMPANIES, INC.** | : | |
| c/o Statutory Agent: Corporation Service | : | |
| Company | : | |
| 2626 Glenwood Ave., Ste. 550 | : | |
| Raleigh, NC 27608 | : | |
| | : | |
| and | : | |
| | : | |
| **LOWE'S HIW, INC.** | : | |
| c/o Statutory Agent: Corporation Service | : | |
| Company | : | |
| 300 Deschutes Way SW Ste. 208 MC-CSC1 | : | |
| Tumwater, WA, 98501 | : | |
| | : | |
| and | : | |

1

| | |
|---|---|
| **JOHN DOE(S) #1-5**, person(s), | : |
|    corporation(s), or other entity(ies), | : |
|    who owned, leased, maintained, | : |
|    had possession of, and/or exercised | : |
|    a substantial right of control | : |
|    over the premises and/or areas or | : |
|    goods inside the store, and/or were in | : |
|    a position to prevent, identify, rectify | : |
|    or warn of any dangerous condition or | : |
|    hazard on the premises that could harm | : |
|    customers including on April 15, 2018 | : |
| NAME(S) AND ADDRESS(ES) UNKNOWN & | : |
| UNDISCOVERABLE | : |
| | : |
| and | : |
| | : |
| **JOHN DOE(S) #6-10**, employee(s) | : |
|    and/or agent(s) of Defendants involved | : |
|    in the subject incident and/or whose | : |
|    responsibilities and/or job duties | : |
|    included maintaining or ensuring | : |
|    the safety of the premises and/or areas or | : |
|    goods inside the store, and/or were in | : |
|    a position to prevent, identify, rectify, | : |
|    or warn of any dangerous condition or | : |
|    hazard on the premises that could harm | : |
|    customers including on April 15, 2018 | : |
| NAME(S) AND ADDRESS(ES) UNKNOWN & | : |
| UNDISCOVERABLE | : |
| | : |
|             Defendants. | : |

## COMPLAINT WITH JURY DEMAND

1. Plaintiffs Kristine and Paul Edler, a married couple, are and were at all times relevant, residents of Oregon, Lucas County, Ohio.

2. Defendant Lowe's Home Centers, LLC f/k/a Lowe's Home Centers, Inc. is a limited liability company existing under the laws of the North Carolina with its principal executive offices located at 1605 Curtis Bridge Rd., Wilkesboro, North Carolina 28697.

2

3. At all material times herein, Defendant Lowe's Home Centers, LLC was a wholly-owned subsidiary of Defendant Lowe's Companies, Inc.

4. Defendant Lowe's Companies, Inc. is a corporation incorporated under the laws of the state of North Carolina with its principal executive offices located at 1000 Lowe's Blvd., Mooresville, NC 28117.

5. Defendant Lowe's HIW, Inc. is a corporation incorporated under the laws of the state of Washington with its principle executive offices located at 101 Andover Park E., Ste. 200 Tukwila, Washington, 98188.

6. Lowe's Companies, Inc. is a FORTUNE® 50 home improvement company serving more than 18 million customers a week in the United States, Canada and Mexico. It is the world's second largest home improvement retailer. With fiscal year 2018 sales of $71.3 billion, Lowe's and its related businesses operate or service more than 2,200 home improvement and hardware stores and employ approximately 300,000 associates. (Lowe's 2018 Annual Report)

7. Defendants Lowe's Home Centers, LLC f/k/a Lowe's Home Centers, Inc., Lowe's Companies, Inc., and Lowe's HIW, Inc. are herein collectively referred to as "Lowe's" or "Defendants."

8. Defendants JOHN DOE(S) #1-5 are person(s), corporation(s), or other entity(ies), who owned, leased, maintained, had possession of, and/or exercised a substantial right of control over the premises and/or areas or goods inside the store, and/or were in a position to prevent, identify, rectify or warn of any dangerous condition or hazard on the premises that could harm customers, including on April 15, 2018. The true name(s) and address(es) of Defendants John Doe(s) #1-5 could not be discovered by Plaintiffs through the

exercise of reasonable diligence. However, said identities and addresses are known or should be known to Defendants, including at the time of the filing of this Complaint with Jury Demand.

9. Defendants JOHN DOE(S) #6-10, are employee(s) and/or agent(s) of Defendants involved in the subject incident described herein and/or whose responsibilities and/or job duties that included maintaining or ensuring the safety of the premises and/or areas or goods inside the store, and/or were in a position to prevent, identify, rectify, or warn of any dangerous condition or hazard on the premises that could harm customers, including on April 15, 2018. The true name(s) and address(es) of Defendants John Doe(s) #6-10 could not be discovered by Plaintiffs through the exercise of reasonable diligence. However, said identities and addresses are known or should be known to Defendants, including at the time of the filing of this Complaint with Jury Demand.

10. At all times relevant, Defendants owned, operated, maintained and/or exercised a substantial right of control over Store #1649 located at 10295 Fremont Pike, Perrysburg, Wood County, Ohio, (herein referred to as "the premises" or "the store") and/or areas and goods inside the store.

11. At all times relevant, Defendants were in a position to prevent, identify, rectify, and/or warn of any dangerous condition or hazard on the premises, including conditions or hazards created by Lowe's own employees or agents, which could result in harm to customers, including on April 15, 2018

12. At all times relevant, Defendants employed, trained, supervised and/or exercised a substantial right of control and/or direction over workers and/or their training at the store whose responsibilities and/or job duties included maintaining or ensuring the safety of the

4

premises, areas or goods inside the store and/or customers, and/or were in a position to prevent, identify, rectify, and/or warn of any dangerous condition or hazard on the premises that could harm customers, including conditions or hazards created by Lowe's own employees or agents.

13. Whenever reference is made in this Complaint to any act, deed, or conduct of a Defendant, the allegation is that the Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who were actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of the Defendant.

14. Each Defendant regularly conducts business in the State of Ohio, derives substantial revenue from goods and/or services rendered in Ohio, and has committed tortious acts or omissions within Ohio, resulting in injuries in Ohio.

15. On or about April 15, 2018, Plaintiff Kristine Edler was lawfully on the premises for the purpose of purchasing a grill from the store.

16. On or about April 15, 2018, Plaintiff Kristine Edler was speaking with a Lowe's employee in the grill department, when another Lowe's employee, acting within the course and scope of his employment, was precariously and negligently transporting an unsecured stack of chairs behind her. The tower of chairs collapsed on the unsuspecting Plaintiff whose back was turned leaving her with no or little time or opportunity to avoid injury. As a result of the incident, Plaintiff was injured.

17. Upon information and belief, Lowe's created an incident report as a result of the event.

18. However, despite her request, Lowe's refused to provide Plaintiff with a copy of the incident report at the time or the incident and continues to refuse to provide a copy to date.

19. Upon information and belief, Lowe's has or had video of the incident.

20. However, Lowe's continues to refuses to provide a copy of the video to date.

21. A spoliation and request to preserve evidence letter dated 11/16/18 was sent via certified mail to the store and headquarters, which was received by Defendant Lowe's Companies, Inc. on 11/19/18 and the store on 12/6/18.

## JURISDICTION & VENUE

22. Plaintiffs' claims are brought under 28 U.S.C. §1332(a)(1), based upon diversity of citizenship.

23. The amount in controversy for each plaintiff exceeds seventy-five thousand dollars ($75,000) exclusive of interests and costs.

24. Venue is appropriate in this Court because all Defendants conduct significant amount of business transactions within this District and because the wrongful conduct giving rise to this case occurred in this District.

## COUNTS I: NEGLIGENCE / NEGLIGENCE PER SE

25. Plaintiffs incorporate each and every allegation contained in the above paragraphs as if fully rewritten herein.

26. On or about April 15, 2018, Plaintiff Kristine Edler was lawfully on the premises for the purpose of purchasing goods from the store.

27. Plaintiff entered the premises as a business invitee who was owed a duty of ordinary care for her safety and protection.

28. On April 15, 2018, Defendants owned, operated, maintained and/or exercised a substantial right of control over the store and/or areas and goods inside the store.

29. On April 15, 2018, Defendants were in a position to prevent, identify, rectify, and/or warn of any dangerous condition or hazard on the premises, including conditions or hazards created by Lowe's own employees or agents, which could result in harm to customers, including Plaintiff.

30. On April 15, 2018, Defendants employed, trained, supervised and/or exercised a substantial right of control and/or direction over workers and/or their training at the store whose responsibilities and/or job duties included maintaining or ensuring the safety the premises, areas or goods inside the store and/or customers, and/or were in a position to prevent, identify, rectify, and/or warn of any dangerous condition or hazard on the premises that could harm customers, including conditions or hazards created by Lowe's own employees or agents.

31. Defendants had a duty to maintain the premises and/or areas or goods inside the store, in a reasonably safe condition and not to create hazards, conditions and/or dangers within or on the premises that could result in injury to customers including Plaintiff.

32. Defendants negligently failed to maintain the premises and/or areas or goods inside the store in a reasonably safe condition and created or permitted hazards, conditions and/or dangers within or on the premises that could result in injury to customers, and breached their duty to Plaintiff by:

    a. Failing to keep its premises safe for its customers;

    b. Creating and/or failing to prevent, identify, rectify and/or warn of a dangerous condition or hazard posed by the unsecured stack of chairs being transported in close proximity to customers;

    c. Failing to transport store goods in a safe manner so as to avoid injury to customers;

    d. Failing to maintain control over the store goods so as to avoid injury to customers

    e. Failing to protect Plaintiff and other customers from a dangerous condition or hazard posed by the unsecured stack of chairs being transported in close proximity to customers;

    f. Failing to warn Plaintiff of a dangerous condition or hazard that they created, permitted to be created, and/or knew or should have known existed;

    g. Failing to adequately monitor, supervise, hire, and/or train their employees, agents and servants as to avoid the creation of dangerous conditions or hazards; and

    h. Failing to adequately monitor, supervise, hire, and/or train their employees, agents and servants as to safe transporting or moving of goods within the store so as to avoid injury to customers.

33. It was or should have been foreseeable to Defendants that the failures and breach of their duties would result in harm to customers who entered the property, including Plaintiff.

34. Defendants could not have reasonably expected customers entering the premises, including Plaintiff, to have known or discovered the hazard created by Defendants' failures or to be able to take appropriate measure to protect themselves.

35. The dangerous hazard created by Defendants in transporting the unsecured stack of chairs was not discernible by Plaintiff in the exercise of ordinary care.

36. Defendants injured Plaintiff by an affirmative act of negligence and/or acted willfully, wantonly and/or recklessly.

37. As a direct and proximate result of the wrongful failures, actions and/or inactions described herein of Defendants, Plaintiff sustained serious injury, medical expenses, pain and suffering, distress, and loss of enjoyment of life.

### COUNT II: VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

38. Plaintiffs incorporate by reference the statements and allegations previously set forth in this Complaint as if fully rewritten herein.

39. At all times relevant hereto, Defendants John Doe(s) #5-10 are and were employees and/or agents/servants of Defendants acting within the course and scope of their employment.

40. At all times relevant hereto, Defendants retained control or had a right of control while Defendants John Doe(s) #5-10 acted within the scope of their employment.

41. As employees and/or agents/servants acting within the course and scope of their employment, the wrongful conduct as set forth in this Complaint is deemed to be the conduct of Defendants.

42. Accordingly, Defendants are liable for the unlawful acts or omissions of their employees and/or agents including Defendants John Doe(s) #5-10.

### COUNTS III: LOSS OF CONSORTIUM

43. Plaintiffs incorporate by reference the statements and allegations previously set forth in this Complaint as if fully rewritten herein.

44. As a direct and proximate result of the wrongful and negligent acts of the Defendants, and each of them, Plaintiffs were caused to suffer loss of consortium, loss of society, affection and assistance.

### PUNITIVE DAMAGES AND ATTORNEYS FEES

45. Plaintiffs incorporate by reference the statements and allegations previously set forth in this Complaint as if fully rewritten herein.

46. Defendants acted willfully, wantonly and in conscious disregard for the rights of Plaintiffs.

47. Plaintiffs are therefore entitled to recover punitive damages to punish, penalize, or deter Defendants' actions.

48. Plaintiffs should also be awarded the expenses of litigation in this matter, including their attorneys' fees, because Defendants have acted in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Against Defendants in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs and interest, for the amount of damages sustained because of Defendants' breaches and wrongful conduct described herein;

b) Awarding to Plaintiffs the costs and disbursements of the action, including reasonable attorneys' fees, experts' fees, costs, and expenses;

c) Awarding punitive damages and all other just and appropriate relief related to the misconduct set forth in this Complaint; and

d) Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues triable by right herein.

Dated: February 28, 2020

**RESPECTFULLY SUBMITTED,**
**PLAINTIFF,**
**By Her Attorneys,**

/s/ Pamela Borgess
Pamela Borgess, Esq. (0072789)
BORGESS LAW, LLC
6800 W. Central Ave. Ste E
Toledo, OH 43617

T: (567) 455-5955
F: (567) 661-1795
E: pborgess@borgesslaw.com